Good morning, may I please the court? Art Sarian for the petitioner, Mr. Galstian and his family, sitting in the courtroom. I have two problems on this case. One is, am I right in thinking that you need fraud by the previous lawyer, not just malpractice? And the second is, what's the fraud here? Usually you need the lawyer to lie to the petitioner and say something's been filed or hasn't been filed, or something like that. I will explain, Your Honor. First of all, under Iturribarria, you don't need just a fraud. It's just fraud, deceit, or error. If it was just a fraud, then a lot of petitioners and aliens would have been denied equitable tolling just because their previous counsels made a mistake. But that would be just simply unfair. The law is very clear in this circuit. Unfair, but I thought that's what the law was. And I thought that those other phrases in Iturribarria were error other than by the attorneys, such as when the agency makes an error. I believe under Iturribarria, the error also will work. And, in fact, the government conceded in its brief on page 17 that error is enough. The only thing the government did is they argued that petitioner never argued error or fraud. In fact, if we look at the board's decision, board also argued, Iturribarria, that you need fraud, deception, and error. However, in the second paragraph of the second page of the board's decision, its administrative record, page number three, they completely reversed themselves, argued against Iturribarria, and only argued for Rodriguez-Larez, only fraud. But the case law in this circuit, I believe, is clear that it's not just a fraud. It's fraud, deception, or error. And since, well, of course there was a deception on the part of previous counsel as well. She was retained, according to the contract in administrative record, she was retained in April. According to the affidavit, petitioner found out about the previous attorney, Sarkissian's attorney in effective assistance, while he was in custody. That was February. The motion to reopen by the previous attorney, Paula Harris, was filed, was signed in April, however was not filed until June. That was way beyond 90 days. Now, when this court previously returned it back to the board, they said, please submit an evidence and investigate whether Paula Harris' motion was filed within 90 days. Paula Harris suddenly realized, I believe, that she submitted the motion way beyond 90 days. Now, instead of just confronting the petitioner and saying that this is the problem, we made a mistake, or whatever it was, you need to find an attorney or filing a Lozada motion the same way against herself by admitting that she made a mistake. She simply argued frivolous motion that it needs to be remanded. Well, the board has authority to review facts and discretionary motions. That's the law. So she argued — Where's the fraud? What did she say that was false or misleading? She did not tell the petitioner that his motion will be denied because she failed to file it timely. So the fraud is she covered up her — She covered up. She covered up, and she pretty much lied to him by saying, we're going to file the motion to remand. And she tried to bring it down to the court, I understand, but she made a mistake. It's in the record that they did it way past 90 days deadline. The motion herself that she signed was in April. Why she filed it in June, nobody knows. I think you did a Lozada procedure on this, right? That's correct. I couldn't understand what Harris said in her affidavit that she filed. I couldn't understand that either. In fact, most of the affidavits, they're trying to cover themselves up. The problem with this is that if we don't even look into the affidavit, it is very clear that she filed beyond 90 days. And once the 90 days was up, she realized that it's not going to go. Instead, she just chose a different tactic and argued against the law, and she argued to remand it, arguing the board doesn't have an authority to review facts. However, if we look at the attorney general's brief, they're clearly saying, yes, fraud, deceit, or error. They're admitting that error will justify the equitable tolling. The board says you argued only error. You did not argue fraud. Therefore, we're not going to toll the deadline. Well, both positions are irreconcilable. If we look at the board's decision, they agree that although you argued error, you did not argue fraud. The attorney general's position, the error is enough to equitably toll, but you did not argue anything, either fraud or error. However, we did argue both of them. Is the error, to argue fraud, deception, or error, I understand the fraud by the attorney and deception I would put in the same category as fraud. Is it clear that the error can be error on the part of the attorney rather than error on, let's say, the part of the government or the I.J. or the B.I.A.? It is clear that the part of the attorney or the – Because if it's mere error on the part of the attorney, that would seem to be sort of a huge exception to Lusada, wouldn't it? So just an error is not enough to reopen. Just an error is not enough because if it's an error, then you also need a prejudice. If it's a simple error, it will not justify the prejudice. Does anything survive of the deadlines and number of filing limitations if error by the attorney is a reason to disregard them? Well, if it's a prejudice – if it's an error that would prejudice the alien, yes. Prejudice doesn't really cut it for me because that means, oh, you've got a 90-day deadline. File in three years because your lawyer didn't do his job, no problem as long as you have a good case. If you don't have a good case, then you lose anyway. That means that the deadline means nothing. All that counts is the merits. Well, but in this particular case, alien had nothing to do with the deadlines. It's just the attorney who he entrusted his life to. We don't know whether it was an error or fraud. Because she tried to cover up, we agree it was also a deception and error. But even if we go by the minimum of error, we believe that it should be told. What you're saying is having remanded it, the lawyer committed a fraud by defending it as close to the client, the problem that the lawyer had created, and tried to cover it instead of responding properly to the remand, to ask it to be remanded to the IJ. That's correct. And that was fraud. That was fraud or at least a deception or deceptive tactics to try to cover up her failure. Is implicit in that that if the lawyer had filed the materials in response to the remand, that the remand would have been dismissed because the underlying action was untimely? Is that the call there? Well, we're talking about Attorney Harris? The attorney that filed the motion to remand to the IJ. Yes, well, that would have been dismissed because she argued that the board doesn't have an authority to review the facts. Well, that's true when the issue is on the case that was before the IJ. This case was motioned to reopen before the board, and the board has an authority, discretionary authority on discretionary motions to review the facts. Those facts were never before IJ. I would like to reserve the time if the panel doesn't have it. Thank you. Thank you, counsel. May it please the Court. My name is Jennifer Pazner on behalf of the respondent, the United States Attorney General. The issue in this case is whether the board abused its discretion in denying Mr. Galstein's third motion to reopen. Is error by the attorney enough under our precedents to allow setting aside the numerosity and the date provision? No, I don't believe it is, and I believe that is made clear. Tell me what case to look at that says it isn't. Ituribarria says fraud, deception, or error, but it makes it clear that the error is the error identified in Socop versus Socop. You could read Ituribarria a couple of ways. Is there a case that says in so many words fraud by the lawyer will do the job, error won't? Well, I think you have to read Ituribarria in light of the facts of Ituribarria. Hold on. Listen to my fact, or to my question, I mean. I didn't ask you how you could read Ituribarria. I said you could read Ituribarria a couple of ways. So is there another case that says in so many words error by the lawyer will do, you don't need fraud, or error by the lawyer won't do, you do need fraud? I don't know of one except for the fact that the cases that say fraud, deception, or error don't involve error, simple legal error by the attorney. However, I would point to – I look at the facts of them. They usually put it in terms of fraud by the lawyer. Ituribarria involved fraud. There were findings that the attorney had lied. But I'm looking for a case not just that says fraud is good enough, but that says error isn't. Well, I would point you to this Court's unpublished remand order. Unpublished remand order? In this case. In this case. In this case. And the Court says we remand for further evidence and findings on the issue of whether Galstian's former attorney is engaged in fraudulent or deceptive conduct that would trigger equitable tolling. See Ituribarria. I would suggest that this Court understood equitable tolling to only apply where there is fraudulent or deceptive conduct because that's what it said in its remand order. Now, this remand order didn't – We've got the same problem. We said one thing would do. We didn't say another wouldn't. Well, but the question in this case is the standard of review. Did the Board abuse its discretion in denying the third motion to reopen based on a finding that there were no allegations of fraudulent – Can I ask you another thing? I couldn't understand what Harris said in her affidavit to try to defend herself. I wasn't – What's her excuse? Well, I wasn't able to find an affidavit from Harris in the record. Maybe there is one, and I missed it. But I looked for it. She filed a – the petitioner filed a state bar complaint, but I didn't see in the record her response. The record does contain a response from the first attorney, Mr. Heinrich Davis, explaining that the decision to voluntarily dismiss the asylum claim was a joint decision and it was made to avoid an order of deportation. I think I remember looking at it last night. Okay. The exhibit list to his motion to reopen before the Board includes a number of his declarations. You may be right. I may have just been too tired and mixed it up, but I thought I saw it last night. I wasn't able to find it, but if it is there, I would be happy to address it. But I didn't see anything from her, which is one of the problems in this case to the extent – Everything he was supposed to – oh, here it is. I found it. And it's at page 5. I couldn't understand it. She gets the bar letter saying you're accused of ineffective assistance because he didn't do something on time, and I don't understand what she's saying. I'm not sure how this appears in the record where it does, but – Well, that's why I told you it does. No, no, I know. But it was – it appears that it wasn't submitted along with his motion to reopen. It just appears after the – so she must have submitted it independently. She just says that she wasn't informed of the allegations against her and that the motion to reopen wasn't served upon her. Here's why I was asking you about this. If it's not just my denseness but her evasiveness that makes it impossible to understand her affidavit, then it strikes me that that is circumstantial evidence of evasiveness and deceptiveness on other occasions, and possibly it's enough to hang fraud on because our equitable estoppel based on fraud cases have used the category of fraud much more broadly than its common law sense. Well, I don't believe that this supports any inference of fraud regarding when the first motion to reopen to the board was filed in 2002. All she says here is that she wasn't notified of the allegations before they were presented to the board. That's totally unresponsive and deceptive. It makes it sound like, hey, I'm cool. I did everything fine. Nobody told me there was any problem. But it's totally unresponsive to what she was asked to respond to. Well, I would suggest that an inference cannot be – whatever that says, an inference cannot be drawn that she affirmatively engaged in fraudulent conduct, which would involve – If I ask somebody, where were you Wednesday night at 9 p.m., and he says, I am really upset that you're asking me this. Nobody has asked me this before. Well, he has evaded my question of where were you Wednesday night at 9 p.m., so he's probably trying to pull the wool over my eyes. Well, the petitioner has the burden of showing that she – there's nothing in the motion to reopen alleging – there are a few sort of vague sentences that are pure speculation regarding when she filed the motion to reopen and why she might not have filed it, but there's still no evidence to support any sort of finding that she engaged in fraudulent conduct. I would point out, I believe the record also indicates she was only retained in April 2002. I mean, there have been no factual findings as to when he found out about the allegedly ineffective assistance. At the time, I thought she won the Ninth Circuit remand that said file something within 90 days, and then she didn't file something within 90 days, and then she filed it late without any real explanation, without any explanation of why it was late. No. What happened was she filed a motion to reopen with the board in 2002. The board dismissed the motion to reopen based on a finding that it was filed, you know, five years after the original board denial and final order of removal. Then she went to the Ninth Circuit, and she got the Ninth Circuit to remand for further factual findings concerning when the petitioner became aware of the allegedly fraudulent activity of his former attorneys, not Paula Harris, the two attorneys before that. The board then issued an order saying— Paula Harris filed the case in the Ninth Circuit that won? Yes, she did. So everything that happened before the Ninth Circuit remand could have been addressed. Her error apparently came after remand when the board issued an order saying within 30 days submit further evidence regarding these alleged claims of ineffective assistance of counsel, and instead of filing— That's all what I said. But she didn't file anything late. She just filed a motion to remand. She filed something late when she got back, didn't she? No, that was before the Ninth Circuit remand order. In response, she didn't file anything late after the remand from the Ninth Circuit. What she did was to file— She didn't file anything at all. She filed a request. She required a motion to have it sent to the IJ for findings. Exactly. And the BIA said no, those weren't our instructions, and then she filed nothing. Counsel, here's my question. As I look at this, I see sort of round after round in which it looks like petitioner has had some really, really bad luck with attorneys. And it just seems to compound itself. And pretty soon it's this Kafkaesque situation, which we've got layer on top of layer of procedural problems, and the guy can never sort of get to the merits of any of this. Has the department considered or would it entertain reference to our mediation unit? Consider mediating this case, trying to resolve this rather than keep playing this game of gotcha in which this guy can sort of never get there. Well, I think if this Court believes that what the Board did in the denial of the final motion to reopen was to say it was equitably told and there was no fraudulent or deceptive conduct alleged on the part of Attorney Harris. Our position is that the Board did not abuse its discretion in making that determination. If the Court decides that fraudulent or deceptive conduct isn't necessary or that it was somehow proven by this affidavit, then what the Court's – I mean, then the correct procedure to follow is for this case to be reamended back to the Board with further instructions. Absolutely. I think you have just done what the guy in my hypothetical did. You're asked where were you Wednesday night at 9 o'clock, and you say, I don't want to answer that question, so I'll talk about something else. You were asked should we refer this for mediation, and you didn't say whether we should or shouldn't. You understand what that means. It means you want us to maybe make some law that you don't like because of the facts that dominate this case, or do you want to try working it out first? Well, I'm not authorized at this moment to say that my client is willing to engage in mediation. So I can't answer that question at this point. What you mean is I don't have authority to say? I'd have to go back. That's what we wanted to know. Now, if we give you some time to get authority, is there a possibility that it would be useful, or is it a waste of time, and should we just decide the case? Again, I don't know the answer to that question. What would the purpose of mediation be to find some solution to give him a hand? What do you think it usually is? Well, to find some way to have him. Yeah, that's right. I think Judge Whaley had a question. Your time is up. Maybe it's been asked implicitly by the other judges, but it looked like the circuit wanted this thing we looked at by the board, and they remanded it for that purpose. And so the judges on this court believe that should happen, and it hasn't happened. And it looks like it hasn't happened because a lawyer, instead of responding to that, did something either because they were mistaken or they were trying to cover up their path or something else. And I'm wondering what the public good is by adopting your position when the circuit said, Let me look at this. And then because of either malpractice or fraud or whatever reason, it doesn't happen. So back here, we're sitting here looking at it and saying, That's really what we wanted to happen, and why shouldn't it? What's the public policy that says the board shouldn't just look at it? Well, I mean, one policy has to do with the equitable tolling deadlines, and they're there for a reason. They're there so that cases eventually reach an end. This case has been going on since 1995. It's now 2006. So there are public policy reasons behind the equitable tolling deadlines, which is also why this Court has said that in order to behind the filing deadlines, in order to get equitable tolling, that's why this Court has said there has to be fraudulent or deceptive conduct alleged, because otherwise petitioners could keep coming back in, alleging any number of errors on the part of their counsel and keep getting their cases reopened. And there's an interest in finality. That often happens. We often see these kinds of lazada motions. They frequently occur after there's been at least some kind of a hearing on the merits. That's never happened in this case. And he has alleged that even from the beginning that he got bad legal advice. There's some suggestion that maybe he was before a hanging I.J. who was later drummed out of the Corps. And we've never had the hearing on the merits. And the BIA just keeps saying, gotcha. And, of course, a third, a fourth, a fifth, a sixth motion to reopen, even from our perspective, looks silly at this point. But when you look at this record, I have to say it's very, very frustrating for us to look at this record and to realize that it looks like there's just been a colossal series of missteps and misjudgments by a whole host of different counsel. Is there anything that this fellow did wrong that's Gaussian, or is it all just his lawyer's missing dates? Well, I mean, I can't answer that because, in part, because there have been no – I mean, when he had the opportunity to submit evidence, none was submitted. Which I think we all agree was a legal error on the part of Attorney Harris. I mean, a lot of the cases, the person's told a bunch of lies or submitted a bunch of phony documents, and the question is whether that really shouldn't control the case because of this or that. But I didn't see anything like that by Gaussian. Is there anything like that? Again, I don't believe there is, but there hasn't been. I can't say for certain because – So you missed that 0005. I apologize for that. Well, we're through the time. Thank you, counsel. Gaussian v. Gonzales is submitted. Do you have any information? Oh, did the appellant have more time? Thank you. I'm sorry I erred on that. I agree with the panel that sometimes the attorney general focuses only on winning and losing or winning or killing the case versus we forget that there are real people behind this, real families, and I agree that the petitioner never had a chance to present his case. I assume, counsel, that if you were offered the opportunity to go to mediation, that you would accept it. Absolutely. And attorneys, one after another, and when I read it, I was very surprised to see how many attorneys let him down. This type of actions bring bad names to the attorneys, and it's simply not equitable not to allow him to bring his case before the court. If we go with what the government wants, he will be removed, he will not see his family for 10 years, and public interest will be harmed when you cannot come to the court, address the issues, and seek justice. Thank you. Thank you, counsel. Gaustian v. Gonzales is submitted. We'll hear Singh v. Gonzales. Raghjir Singh v. Gonzales is submitted. Lopez v. Gonzales is submitted. Merlos v. INS is submitted. And we'll hear Payan v. Aramark.
judges: Kleinfeld, Bybee, Whaley